UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DUPONT,<br><br>            Petitioner,<br><br>   v.<br><br>V. SINGH,<br><br>            Respondent. | No. 2:13-cv-00606 MCE DAD P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the required filing fee. In the pending application for federal habeas relief petitioner seeks to challenge the decision of the California Board of Parole Hearings (hereafter, "Board") to deny him parole at his March 22, 2011 suitability hearing. For the reasons discussed below, the undersigned will recommend that the petition be summarily dismissed.

**I. Petitioner's Claims**

Petitioner first claims that the California Court of Appeal for the First Appellate District abused its discretion when it denied relief with respect to the four claims he presented in his state habeas petition filed with that court. (ECF No. 1-1 at 1.) Petitioner argues that the state appellate court failed to address "pertinent questions" he raised in his state habeas petition, including

/////

/////

1

whether he was part of a protected class due to his learning disability[1], whether the "Clark v. California Remedial Plan [is] binding on all of California Department of Corrections and Rehabilitation agencies (including the Board of Prison Hearings)," and whether he was entitled to representation in his state habeas proceedings because of his disability.  (Id. at 1 & 2.)

In his second claim for federal habeas relief, petitioner contends that his federal and state constitutional right "to be free from Cruel and Unusual Punishment due to his Mental Disability" were violated by the Board's "arbitrary and capricious hearing procedures."  (Id. at 3.)  In this regard, petitioner refers to the Board's consideration of his prison disciplinary convictions and references by the Board to his failure to challenge those prison disciplinary convictions by filing a "602 inmate grievance[.]"  (Id. at 3; ECF No. 1-7 at 8-10.)  Petitioner also argues that he is being subjected to discrimination based on his developmental disability in that the Board and the state courts appear to expect him to conform to the same standards applied to non-disabled inmates serving life terms of imprisonment.  (ECF No. 1-1 at 4.)

In his third claim petitioner contends that the Board also violated his due process and equal protection rights under the California and U.S. Constitutions by requiring that he adhere to the same standards as non-disabled inmates serving life terms of imprisonment.  (Id. at 5.)  Petitioner argues that in violation of the "Clark Remedial Plan," the Board did not "afforded specialized considerations" or reasonable accommodation at his suitability hearing.  (Id.)[2] Petitioner asserts that when he was questioned at his suitability hearing about applying for social security disability, the Board demonstrated a lack of understanding of the "Clark Remedial Plan" under which it should have assisted petitioner with his social security application, in  obtaining letters of support, and provided him a parole plan that would ensure his successful release on parole.  (Id. at 6.)  Petitioner also contends that, if properly trained and made aware of the "Clark Remedial Plan," the Board would have been impressed with petitioner's level of programing

---

[1] Petitioner asserts that he is a "Developmental Disabled Inmate" and that he is unable "to read or write above a 2.0 Grade Level."  (ECF No. 1-1 at 1.)

[2] Petitioner does not identify what reasonable accommodation he is claiming was denied at his 2011 parole suitability hearing.

2

rather than criticizing him for failing to file inmate appeals challenging his prison disciplinary convictions.  (Id. at 7.)

In his fourth claim for federal habeas relief, petitioner contends that his appointed attorney provided him ineffective assistance at his parole hearing.[3]  (Id. at 8.)  Petitioner argues that his attorney also should have known that under the "Clark Remedial Plan," petitioner could not be held to the same parole suitability standards that apply to non-disabled inmates.  (Id. at 9.)  Petitioner also argues that parole suitability standards applied by the Board "are fundamentally unattainable and immpossible [sic] for petitioner to achieve."  (Id.)  Petitioner asserts that his appointed counsel should have ensured that the "board tailor it's [sic] hearing to a realistic evaluation of this petitioner's pre/post-incarceration, and his ability to show progress."  (Id.)  Petitioner contends that following the 2011 suitability hearing and after he was denied parole, one of the commissioners made the following request, which petitioner characterizes as "unreasonable:"

> Mr. Dupont, obviously the first recommendation is going to be to remain disciplinary-free after you become disciplinary-free. [sic] If you sort of set 2010 in your rearview mirror, five years from now that will be past you sufficiently, but if you get any more, it's like resetting your clock.  So, that's not going to do you any good, so obviously, the important thing is to become and remain disciplinary-free.  Continue to participate in any self-help programming that would be available to you.  Budgets being what they are, they may disappear.  Self-study is always something that the Panel will accept, . . . tell the next Panel what you read, when you read it, what you learned . . . .

(Id. at 10; ECF No. 1-9 at 15.)  Petitioner contends that his counsel should have objected to these stated requirements for future parole suitability consideration in his case and should have known what criteria can properly be applied by the Board to evaluate a developmentally disabled inmate for release on parole. (ECF No. 1-1 at 10 & 11.)

In his fifth and final claim for federal habeas relief, petitioner argues that the right to parole under California's Constitution was violated by the Board's "[d]iscriminatory[,] [a]rbitrary and [c]apricious decision."  (Id. at 12.)  Petitioner contends that the granting of release on parole

---

[3]  Petitioner was represented by attorney William Prahl at the 2011 parole suitability hearing.

3

should to be the norm and not the exception. (Id.) Furthermore, according to petitioner, under the "Clark Remedial Plan," inmates with disabilities "cannot in fairness be evaluated, as happened in this instance, the same as non-D[evelopmentally] D[isabled] Life Term Inmates." (Id. at 13.) Petitioner argues that he should not have been penalized by the Board for conduct he cannot control. (Id. at 14.) Finally, petitioner observes that because of his disability, he is unable to complete parole plans on his own.

**II. Applicable Legal Standards**

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

**III. Analysis**

A. Violation of Clark Remedial Plan

In his first claim for habeas relief, petitioner contends that the state appellate court abused its discretion when it denied his application for habeas relief and failed to address issues concerning his disability and the application of the Clark Remedial Plan to his case. In support of this claim petitioner has submitted a copy of the order issued by the state appellate court denying habeas relief. That order provides in part:

> Petitioner has failed to present a prima facie case for relief. He has not shown how the failure to apply the CRP [Clark Remedial Plan] resulted in his parole denial, even if it is assumed that there was such error.
>
> Nor does petitioner point out any portion of the CRP that applies specifically to parole hearings. In fact, in his petition he admits that there is no actual policy on how to conduct parole hearings for the developmentally disabled. (Petn. p. 7.)

(ECF No. 1-13 at 5.)

Contrary to petitioner's contention, the state appellate court's decision denying habeas relief reflects that the court considered and rejected his argument based upon the Clark Remedial Plan. In addition, federal habeas relief is available only on the basis of some alleged violation of

4

federal law or the U.S. Constitution.  The Clark Remedial Plan which petitioner refers to came about as a result of litigation in Clark v. California, 739 F. Supp. 2d 1168, 1173-74 (N.D. Cal. 2010), a class action brought against state officials for violation of the Americans with Disability Act and the U.S. Constitution by present and future prisoners and parolee suffering from certain disabilities.  However, "remedial orders . . . do not create 'rights, privileges or immunities secured by the Constitution and the laws' of the United States."  Hart v. Cambra, No. C 96-0924 SI, 1997 WL 564059 at *5 (N.D. Cal. Aug. 22, 1997), affirmed by 161 F.3d 12 (9th Cir. 1998).  To the extent petitioner wishes to seek relief under the Clark remedial plan he "must pursue his requests via the consent decree or through class counsel."  Hawkins v. California, No.1:09-cv-1705-MJS (PC), 2012 WL 639550, at *5 (E.D. Cal. Feb. 27, 2012) (quoting Crayton v. Terhune, No. C 98-4386 CRB (PR), 2002 WL 31093590, at *4 (N.D. Cal. Sept. 17, 2002)).

Therefore, petitioner's first claim should be summarily dismissed since any claimed failure by the Board to consider or apply the Clark Remedial Plan does not present a cognizable claim for federal habeas relief.

B.  Eighth Amendment and Equal Protection Claims

In his second claim, petitioner contends that the Board subjected him to cruel and unusual punishment in violation of the Eighth Amendment when the Board failed to take into consideration his mental disability when reviewing his past prison rules violations.  The Board's denial of parole does not amount to cruel and unusual punishment because there is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the states are under no duty to offer parole to their prisoners.  Swarthout v. Cooke, ––– U.S. –––, –––, 131 S. Ct. 859, 862 (2011); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7-8 (1979).

Moreover, in this case the Board relied on several factors, not just petitioner's prison rules violation history, in denying him parole.  In fact, the Board's parole decision provided in relevant part:

> The first considerations that do weigh against suitability are found in three categories from Title 15.  One is the current risk assessment, second is the serious institutional misconduct, and no

5

> realistic parole plans. The Panel also considered the commitment offense today but with the passage of time, the commitment offense was not given the same weight as the previous considerations which have been mentioned. But since the commitment offense is the reason we're all here today, the Panel did consider the fact that it was committed in an especially heinous, atrocious and cruel manner.

(ECF No. 1-9 at 9.) There is no authority to support petitioner's contention that his prison rules violations should have been disregarded by the Board because he suffers from a learning disability. As petitioner was advised by the Board, his parole suitability hearing was not the proper forum to challenge or "re-adjudicate the 115[.]" (ECF No. 1-7 at 10.)[4]

Finally, petitioner argues that the Board's expectation that he conform to the same conduct standards as non-disabled inmates is discriminatory and in violation of his right to equal protection under the law. (ECF No. 1-1 at 4.) More specifically, petitioner argues that the Board's advice to him to develop parole plans should he be released, participate in self-help programs, and engage in self-study such as reading are all unrealistic because of his disability. (ECF No. 1-1 at 4; ECF No. 1-9 at 12 & 15.) However, the undersigned notes that nothing indicates that the Board's suggestions at petitioner's last suitability hearing established mandatory pre-conditions in order for petitioner to be released on parole. Furthermore, there is no indication in the record that petitioner's learning disability prevents him from making any improvements in his skills and abilities. Rather, in a chrono issued by petitioner's developmental disability program teachers, the following entry was made on April 1, 2011:

> I/M DUPONT . . . is assigned to the California Medical Facility Academic Education Department and voluntarily participates in the Mountain Oaks Adult Educational Center's Developmental Disability pullout tutoring program. A Student Study Team was held on 1/13/11 to review I/M Dupont's initial individually Tailored Education Plan. I/M Dupont's progress is being assessed by formal/informal testing and teacher observation. He is making satisfactory progress on both his short-term academic goal of reading and his short-term behavior goal of appropriate classroom behavior . . . .

---

[4] If petitioner seeks to prohibit the Board's future consideration of a specific prison disciplinary conviction on the grounds that the disciplinary conviction was entered in error, he may bring a separate habeas action challenging that disciplinary conviction after he has exhausted his challenge to it in the state courts.

6

1  (ECF No. 1-11 at 2.)  Here, petitioner has failed to point to anything in the record indicating that
2  he was denied parole in 2011 based on any impermissible or discriminatory basis.  See Goodridge
3  v. Martel, No. CIV S-11-1937 GEB CKD P, 2011 WL 4829699, at *2 (E.D. Cal. Oct. 11, 2011).
4        For all of these reasons petitioner's Eighth Amendment and equal protections claims
5  should be summarily dismissed.
6        C.  Ineffective Assistance of Counsel
7        As noted, petitioner also contends that his appointed counsel provided him ineffective
8  assistance at his 2011 parole hearing.  However, there is no Sixth Amendment right to counsel at
9  parole hearings.  See Dorado v. Kerr, 454 F.2d 892, 897 (9th Cir. 1972) (holding that California
10  prisoners are not entitled to counsel at hearings where it is determined whether to grant or deny
11  parole);  Luciano v. Busby, No. EDCV 12-00053 GAF (SS), 2012 WL 2412071 at *5 (C.D. Cal.
12  May 15, 2012), report and recommendation adopted by 2012 WL 2409679 (C.D. Cal. June 25,
13  2012); Woods v. Marshall, No. CV 09-7300-JAK (OP), 2011 WL 6077888, at *6 (C.D. Cal. July
14  22, 2011), report and recommendation adopted by 2011 WL 5971164 (C.D. Cal. Nov. 29, 2011);
15  Burns v. Curry, No. C 08-0163 PJH (PR), 2011 WL 740908, at *4 (N.D. Cal. Feb. 24, 2011).
16  Accordingly, petitioner's claim for federal habeas relief based on his contention that he received
17  ineffective assistance of counsel at his 2011 parole hearing should be summarily dismissed.
18        D.  Violation of California Constitution
19        Next, petitioner contends that the Board violated the California Constitution because
20  under state law, release on parole is to be the norm and not the exception.  Of course, it is well-
21  established that "federal habeas corpus relief does not lie for errors of state law." Estelle, 502
22  U.S. at 67 (internal quotation marks omitted).  See also Wilson, 131 S. Ct. at 16.  Accordingly, a
23  challenge to a state court's interpretation of state law is not cognizable in a federal habeas corpus
24  proceeding . See Waddington v. Sarausad, 555 U.S. 179, 192 n. 5 (2009) ("[W]e have repeatedly
25  held that 'it is not the province of a federal habeas court to reexamine state-court determinations
26  on state-law questions."); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("A state court's
27  interpretation of state law . . . binds a federal court sitting in federal habeas."); Lewis v. Jeffers,
28  497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie for errors of state law);

Mullaney v. Wilbur, 421 U.S. 684, 691 n.11 (1975) (federal courts will not review an interpretation by a state court of its own laws unless that interpretation is clearly untenable and amounts to a subterfuge to avoid federal review of a deprivation by the state of rights guaranteed by the Constitution); Park, 202 F.3d at 1149.

Therefore, to the extent petitioner seeks habeas relief based upon his allegation that the Board's 2011 decision to deny him parole was in violation of California his claim is also subject to summary dismissal.[5]

**IV.  Conclusion**

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily denied and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  December 4, 2013

DAD:4

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[5] Petitioner suggests that under the Clark Remedial Plan he should have been evaluated for parole suitability under a more lenient standard by the Board. However, as the court has explained above that the remedial order issued in that action did not provide petitioner with rights under federal law that can be enforced in a separate habeas action.

8

dup606.156

9